UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACOB R. PRATT,<br><br>Plaintiff,<br><br>v.<br><br>CHIEF PAROLE AND PROBATION OFFICER, *et al.*,<br><br>Defendants. | Case No. 3:15-cv-00505-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff filed this action against the Chief of Parole and Probation, Connie Bisbee, Ed Gray, Jr., Lucille Monterde, and Michael Keeler for constitutional violations related to his parole eligibility. (ECF No. 5.) He alleges that the Nevada Board of Parole Commissioners ("the Parole Board") uses guidelines set by the Chief Parole and Probation Officer to establish points for a "risk assessment" for the purposes of granting or denying parole. (*Id.* at 3.) Three of those factors are: (1) gender, (2) age at arrest, and (3) current age. (*Id.*) More points are assigned for males and for being younger. (*Id.* at 4.) He alleges that these guidelines violated his equal protection rights and denied him opportunities granted to others because of his gender and age.

Next, he alleges that the Parole Board wrongfully classified him as a sex offender without due process, and used this classification to deny him parole. (*Id.* at 6.)

///

Lastly, he alleges that after he filed his initial complaint he saw the Parole Board (including Gray, Keeler, and Monterde) on October 15, 2015, and asked why he was being classified as a sex offender. (*Id*. at 8.) Keeler purportedly told him to take it up with the courts. (*Id*.) Plaintiff responded that he had, and Keeler then told him that because a civil action was pending, they could not discuss parole. (*Id*.) The Parole Board took no action and did not set a new parole date. (*Id*.) Plaintiff alleges this was done in retaliation for filing this action. (*Id*.)

On screening, the court allowed Plaintiff to proceed with an equal protection claim based on the allegations that the Parole Board improperly considered gender in determining whether to grant or revoke parole. (ECF No. 6 at 5.) Plaintiff was also allowed to proceed with a due process claim predicated on the allegation that the Parole Board erroneously classified him as a sex offender and used that classification to deny him parole without allowing him to provide evidence to dispute the characterization. (*Id*. at 6.) Finally, he was allowed to proceed with a retaliation claim against Gray, Keeler, and Monterde, based on the allegation that he told them he filed a lawsuit and they ended his parole hearing and he has not received another hearing. (*Id*.)

Defendants filed a motion to dismiss or alternatively, motion for summary judgment on January 1, 2017. (ECF No. 16.)

Pursuant to an interstate compact, Plaintiff was subsequently moved to New Mexico. (*See* ECF No. 26.)

In three of his pending cases (3:15-cv-00505-MMD-WGC, 3:16-cv-00085-MMD-WGC, and 3:16-cv-00367-MMD-WGC) Plaintiff filed motions requesting the appointment of counsel or, alternatively, the dismissal without prejudice of his actions. (*See* ECF No. 27 in this action.) The basis for his motion was that he was incarcerated in the Northeast New Mexico Detention Facility (NNMDF) and had not yet received his property, including his legal property, from Nevada, and did not then have access to research and case law from Nevada.

While Defendants opposed the request for appointment of counsel (ECF No. 28), they did not oppose Plaintiff's request for voluntary dismissal of the action. (ECF No. 29.)

The court held a consolidated hearing on these motions on March 22, 2017. (*See* Minutes at ECF No. 34 in this action.) At the hearing Plaintiff maintained that he could not litigate his Nevada cases because the law library in New Mexico did not maintain statutes, case law or decisions from Nevada or the Ninth Circuit. The Deputy Attorney General present at the hearing represented that he would send Plaintiff a copy of the relevant Nevada statutes, a copy of the table of contents of the Ninth Circuit's Section 1983 outline and records relevant to his claims. Under these circumstances, the court determined that Plaintiff was not entitled to the appointment of counsel under the applicable standard. The court suggested that in light of this ruling, and if he wished to proceed, Plaintiff should move to strike his request to dismiss his action without prejudice, noting that his claims may be barred by the statute of limitations when he chose to re-file. The court also extended the discovery deadlines, administratively re-filed Defendants' pending motion to dismiss/motion for summary judgment and extended the deadline for Plaintiff's response.

Defendants' dispositive motion was re-filed as of March 22, 2017. (ECF No. 35.) Plaintiff had until April 14, 2017 to file a response. (*See* ECF No. 34.) Plaintiff never filed a response or request for an extension of time to respond. Nor did Plaintiff move to strike his request to dismiss the action without prejudice. In fact, Plaintiff has not filed anything since the March 22, 2017 hearing.

As a result, Plaintiff's request for voluntary dismissal is still outstanding. Defendants did not oppose the request for voluntary dismissal (ECF No. 29); therefore, the court finds that voluntary dismissal without prejudice is appropriate under Federal Rule of Civil Procedure 41(a)(1)(ii). Alternatively, voluntary dismissal by court order is appropriate under Federal Rule of Civil Procedure 41(a)(2). Plaintiff is advised to take into account the applicable statute of limitations in his determination of whether and when to re-file this action.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE**. As a result, Defendants pending

dispositive motion (ECF No. 35) should be **DENIED AS MOOT**.[1]

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 20, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] In 3:16-cv-00085-MMD-WGC, a stipulation for dismissal without prejudice was filed following the March 22, 2017 consolidated hearing, and the stipulation was signed by District Judge Du on April 12, 2017 and the case was closed. (*See* 3:16-cv-00085-MMD-WGC, ECF Nos. 24, 25.) The court has concurrently issued a report and recommendation to grant voluntary dismissal in 3:16-cv-00367-MMD-WGC, where the Defendants similarly did not oppose Plaintiff's request to voluntarily dismiss the case.